**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

DESIGN PALLETS, INC., DOUGLAS
OLVEY, LARRY SKETO, and STAN SMITH,

      **Plaintiffs,**

-vs-            **Case No.  6:07-cv-655-Orl-31KRS**

GRAY ROBINSON, P.A.,

      **Defendant.**

_____

# ORDER

   This matter came before the Court without oral argument upon consideration of

Defendant's Motion for Attorneys' Fees and Costs (Doc. 110), Plaintiffs' response in opposition

thereto (Doc. 119), and Defendant's Reply (Doc. 122).[1]

**I.  Background**[2]

   In August 2007, Plaintiffs, Design Pallets, Inc., Douglas Olvey, Larry Sketo, and Stan

Smith (collectively, "Design Pallets" or "Plaintiffs), filed their Second Amended Complaint

against Defendant, Gray Robinson, P.A. ("Gray"), alleging violations of Florida's civil RICO

statute, two violations of the federal RICO statute, legal malpractice, aiding and abetting breach of

fiduciary duty, civil theft, violations of Florida's Deceptive and Unfair Trade Practices Act, and

---

   [1]In connection with its motion for fees and costs, Defendant also filed a related Bill of Costs
(Docs. 112 and 115), which Plaintiffs have similarly opposed (Doc. 116).

   [2]A detailed account of the factual allegations and procedural history of this case may be found
in the Court's August 5, 2008 Order on Defendant's Motion for Summary Judgment (Doc. 106).

fraud.  With the exception of the two federal RICO counts, all of Design Pallets' claims were governed by Florida substantive law.  Accordingly, the Court had subject matter jurisdiction over the federal RICO claims pursuant to 28 U.S.C. § 1331, and supplemental jurisdiction over the remaining State law claims pursuant to 28 U.S.C. § 1367.  Diversity jurisdiction was not asserted by either party inasmuch as Design Pallets and Gray are both citizens of Florida.

On August 5, 2008, after a hearing on Gray's Motion for Summary Judgment, the Court granted summary judgment in favor of Gray on all of Design Pallets' federal claims (Doc. 106).  Having disposed of the federal claims, the Court declined to exercise supplemental jurisdiction over the remaining State law claims.  *Id*.  Importantly, then, judgment has been entered in favor of Gray on only the federal claims (Doc. 107) – the Court dismissed Design Pallets' State law claims without prejudice for Plaintiffs to re-file in State court and thus did not address any issues of Florida law.

In its Motion for Attorneys' Fees and Costs ("Motion") (Doc. 110), Gray seeks its attorneys' fees pursuant to FLA. STAT. § 768.79 ("§ 768.79") and its costs pursuant to FED. R. CIV. P. 54 and 68.[3]  Gray predicates its Motion on a May 9, 2008 Offer of Judgment ("Offer"), pertaining to Counts I-IV[4] of Design Pallets' Second Amendment Complaint, which was made pursuant to § 768.79 and FED. R. CIV. P. 68.  However, inasmuch as Gray is only a prevailing

---

[3]The issue of costs under FED. R. CIV. P. 54 and 68 will be addressed in a separate order.

[4]Count I was for violations of Florida's civil RICO statute; Count II, which was dismissed by the Court on August 6, 2007 (Doc. 41), was for violations of the federal RICO statue, 18 U.S.C. § 1962(b); Count III was for violations of the federal RICO statute, 18 U.S.C. § 1962(c); and Count IV was for violations of the federal RICO statute, 18 U.S.C. § 1962(d).

defendant, FED. R. CIV. P. 68 is not applicable.[5]  Accordingly, Gray's Motion for attorneys' fees

rests entirely upon the Florida statute, § 768.79.

**II.  Analysis – Recovery of Attorneys' Fees for Federal Claims Under FLA. STAT. § 768.79**

In pertinent part, § 768.79 provides:

> In any civil action for damages filed in the courts of this state, if a defendant files an offer
> of judgment which is not accepted by the plaintiff within 30 days, the defendant shall be
> entitled to recover reasonable costs and attorney's fees incurred by her or him...from the
> date of filing of the offer if the judgement is one of no liability or the judgment obtained by
> the plaintiff is at least 25 percent less than such offer, and the court shall set off such costs
> and attorney's fees against the award.

FLA. STAT. § 768.79(1) (2007).

Relying on, *inter alia*, the recent decision in *Menchise v. Akerman Senterfitt*, 532 F.3d

1146 (11th Cir. 2008), Gray contends that § 768.79 should apply to federal as well as State claims,

regardless of the basis for the Court's subject matter jurisdiction or whether the Court has

addressed any of the State law claims alleged in a plaintiff's complaint.

*Akerman* involved an adversary proceeding in bankruptcy in which the bankruptcy judge

was sitting, in essence, as a State court judge deciding issues of substantive Florida law

(specifically, a legal malpractice claim).  532 F.3d at 1147.  In this scenario, it is only logical that §

768.79, being substantive law under *Erie*,[6] would apply to the resolution of Florida substantive law

---

[5]While FED. R. CIV. P. 68 is limited to "costs," costs may include attorneys' fees if the
substantive law governing the claim for which an offer of judgment was made defines costs to include
attorneys' fees.  *Marek v. Chesny*, 473 U.S. 1, 8-9 (1985).  However, Rule 68 does not apply where
the defendant-offeror has received judgment in its favor.  *See Delta Air Lines, Inc. v. August*, 450 U.S.
346, 351-52 (1981).

[6]*See*, *e.g.*, *Jones v. United Space Alliance, LLC*, 494 F.3d 1306, 1309 (11th Cir. 2007)("This
circuit has found § 768.79 to be substantive law for *Erie* purposes.").

claims.  The same, of course, would be true where a federal district court judge sits in diversity and decides purely State law claims.  *Jones v. United Space Alliance, LLC*, 494 F.3d 1306 (11th Cir. 2007)*; McMahon v. Toto*, 256 F.3d 1120, 1132 (11th Cir. 2001), *modified in part by* 311 F.3d 1077 (11th Cir. 2002).

Conversely, it is equally clear that a federal judge whose jurisdiction is founded solely on a federal question would not apply § 768.79 to the resolution of federal claims inasmuch as § 768.79 is preempted by federal law.  In the seminal case of *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240 (1975), the U.S. Supreme Court exhaustively reviewed the history, application, and exceptions to the 'American Rule,'which generally prohibits a prevailing party from recovering its attorneys' fees in federal litigation.  Since 1796 – as either a matter of judicial custom or, after 1853, as a matter of federal statute – the Supreme Court concluded that it had consistently adhered to the American Rule and would not, absent a federal statute, allow awards of attorneys' fees in federal courts to prevailing parties.  *Id*. at 249-52 (citations omitted).

> Although...Congress has made specific provision for attorneys' fees under certain federal statutes, it has not changed the general statutory rule that allowances for counsel fees are limited to the sums specified by the costs statute.  The 1853 Act was carried forward in the Revised Statutes of 1874 and by the Judicial Code of 1911.  Its substance, without any apparent intent to change the controlling rules, was also included in the Revised Code of 1948 as 28 U.S.C. §§ 1920 and 1923(a).  That section provides that '(a)ttorney's and proctor's docket fees in courts of the United States may be taxed as costs as follows....' Against this background, this Court understandably declared in 1967 that with the exception of the small amounts allowed by § 1923, the rule 'has long been that attorney's fees are not ordinarily recoverable....'  *Fleischmann Distilling Corp*., 386 U.S., at 717, 87 S.Ct., at 1407.  Other recent cases have also reaffirmed the general rule that, absent statute or enforceable contract, litigants pay their own attorneys' fees.  *See F.D. Rich Co.*, 417 U.S., at 128-131, 94 S.Ct., at 2164-2166; *Hall v. Cole*, 412 U.S. 1, 4, 94 S.Ct. 1943, 1945, 36 L.Ed.2d 702 (1973).

*Id*. at 254-56.  Accordingly, the Supreme Court reversed the D.C. Circuit Court of Appeals, which had adopted a judicially-crafted, 'private attorney general' exception to the American Rule for cases implicating important statutory or constitutional rights.  *Id*. at 245-247.  In reaching its decision, the Court relied on the 1853 Act, codified today at 28 U.S.C. § 1920 *et seq.* (the "Costs Statute"), as forestalling any "roving authority to the Judiciary to allow counsel fees as costs or otherwise whenever the courts might deem them warranted."  *Id*. at 260.  The Court then went on to examine some instances in which Congress had created statutory exceptions to the American Rule.  "What Congress has done, however, while fully recognizing and accepting the general rule, is to make specific and explicit provisions for the allowance of attorneys' fees under selected statutes granting or protecting various federal rights."  *Id*.  Under this statutory scheme, the Court concluded, "it is apparent that the circumstances under which attorneys' fees are to be awarded and the range of discretion of the courts in making those awards are matters for Congress to determine."[7]  *Id*. at 262.

While *Alyeska Pipeline* dealt with a judicially-crafted exception to the American Rule, the rationale of *Alyeska* applies equally here.  Based on more than 150 years of statutory history and parallel Supreme Court precedents, Congress has rather clearly "occupied the field" concerning the provision of attorneys' fee awards for federal claims.  Indeed, it is a fundamental principle of the

---

[7]Consistent with the Eleventh Circuit's decisions in *Akerman* and its predecessors, however, the Supreme Court observed that this rule could give way in diversity cases.  "A very different situation is present when a federal court sits in a diversity case.  '(I)n an ordinary diversity case where the state law does not run counter to a valid federal statute or rule of court, and usually it will not, state law denying the right to attorney's fees or giving a right thereto, which reflects a substantial policy of the state, should be followed.'" *Alyeska Pipeline Serv. Co.*, 421 U.S. at 260 n. 31 (citations omitted).

Constitution that Congress has the power to preempt state law.  U.S. CONST. ART. VI, § 1, cl. 2;[8]

*see also*, *e.g.*, *McCulloch v. Maryland*, 17 U.S. (4 Wheat.) 316, 436, 4 L.Ed. 579 (1819); *Gibbons*

*v. Ogden*, 22 U.S. (9 Wheat.) 1, 6 L.Ed. 23 (1824).  Even without an express provision for

preemption, the Supreme Court has found that State law must yield to a congressional act

whenever Congress intends federal law to "occupy the field" or, even if Congress has not occupied

the field, where there is nevertheless a conflict between a State law and a federal statute.  *Crosby v.*

*Nat'l Foreign Trade Council*, 530 U.S. 363, 372 (2000) (citations omitted).  While the federal

Costs Statute does not expressly preempt State law, pursuant to *Alyeska Pipeline*, this 155-year-old

statute clearly demonstrates Congress' intent to occupy the field.  Thus, the Supremacy Clause and

the Costs Statute preempt § 768.79 where a district court's jurisdiction is founded solely on a

federal question.

The problem presented here, however, is that of a hybrid situation where the district court

has dual jurisdiction (i.e., federal question claims and State law claims – whether by supplemental

or diversity jurisdiction).  That was the situation in *Keesee v. Bank of Am.*, 371 F.Supp.2d 1370

(M.D. Fla. 2005), in which the plaintiff alleged both a Title VII claim under 42 U.S.C. § 2000 *et*

*seq*. and a Florida's Civil Rights Act claim under FLA. STAT. § 760 *et seq*.  In *Keesee*, both the

---

[8]"This Constitution, and the Laws of the United States which shall be made in Pursuance thereof; and all Treaties made, or which shall be made, under the Authority of the United States, shall be the supreme Law of the Land; and the Judges in every State shall be bound thereby, *any Thing in the Constitution or Laws of any State to the Contrary notwithstanding*" (emphasis added).

federal claim and the state law claim were litigated to conclusion and the defendant was the prevailing party as to each claim.[9]

This case is a variation of *Keesee*.  Although the Court had supplemental jurisdiction over the State law claims, it ultimately declined to exercise that jurisdiction and did not resolve those claims.  Thus, Gray can be deemed a prevailing party only as to the federal claims.  Accordingly, this situation is akin to those instances in which only federal claims are resolved and the Costs Statute preempts § 768.79.[10]

**III.  Conclusion**

The Court holds that § 768.79 applies only to State law claims.  Consistent with *Akerman* and other Eleventh Circuit precedents, § 768.79 is substantive – not procedural – and applies only to underlying Florida causes of action.  However, by virtue of the Supremacy Clause and the Costs Statute, § 768.79 cannot be the basis for shifting one party's attorneys' fees to another on a federal claim.  Only Congress may create exceptions to the American Rule where federal claims are at issue.  Accordingly, where a federal court has subject matter jurisdiction over a federal question

---

[9]Notwithstanding the fact that the defendant had prevailed on the State law claim, the Court refused to apply § 768.79, finding that Title VII – not the Costs Statute –  preempted § 768.79. *Keesee*, 371 F.Supp.2d at 1377 (M.D. Fla. 2005).  In reaching that conclusion, the Court observed, in *dicta*, that § 768.79 was probably procedural – rather than substantive – for *Erie* purposes.  *Id.* at 1377 n. 3.  While the Eleventh Circuit has abrogated that portion of *Keesee,* to the extent there was a conflict with other precedents holding that § 768.79 is substantive law for *Erie* purposes, *Akerman*, 532 F.3d 1146, 1150 (11th Cir. 2008), *Keesee* did not purport to undertake an *Erie* analysis.  *Keesee*, 371 F.Supp.2d at 1377 ("Regardless of how an *Erie* analysis would turn out, the beginning and end of the analysis in this federal-question case is whether Section 768.79 is inconsistent with federal law.").

[10]As a practical matter, even if Gray were entitled to fees for the defense of the State law claims, the allocation of fees to that defense would be minimal inasmuch as defense counsel's efforts after the offer of judgment were focused almost exclusively on the federal claims.

only, § 768.79 does not apply.  Where the Court has both a federal question and supplemental or diversity jurisdiction over Florida claims, § 768.79 applies only to the Florida claims.  However, should the Court dispose of all the federal claims, not address the Florida claims by declining to exercise its supplemental jurisdiction, and then dismiss the Florida claims without prejudice, § 768.79 is not triggered because the defendant was not a prevailing party with respect to any of the State claims.

Here, the Court had both federal question and supplemental subject matter jurisdiction.  Although the majority of Design Pallets' claims were State law claims, the Court disposed of Design Pallets' federal claims without addressing any of the Florida claims.  Accordingly, § 768.79 does not apply.

For the foregoing reasons, it is hereby **ORDERED** that Defendant Gray Robinson's Motion for Attorneys' Fees and Costs is **DENIED** insofar as it requests an award of attorneys' fees.  Gray Robinson's request for costs will be addressed in a separate order.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on October 7, 2008.

Copies furnished to:

Counsel of Record
Unrepresented Party

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE